UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABAN POND,

    Plaintiff,                              Civil Action No. 15-CV-14038

vs.                                       HON. BERNARD A. FRIEDMAN

RANDALL W. HAAS and
DANIEL H. HEYNS,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter is presently before the Court on defendants' motion to dismiss [docket entry 16]. Plaintiff has not responded to this motion and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff alleges that on November 18, 2013, he fell and broke his arm while in custody at Jackson County jail in Jackson, Michigan. *See* Compl. ¶ 10. Plaintiff was then transferred to Parnall Correctional Facility, a state prison in Jackson County, where a physician allegedly told plaintiff "that he needed to have surgery immediately but did not have authority to conduct proper diagnostic tests to discover the severity of Laban's injuries." *Id.* ¶ 11. On November 27, 2013, plaintiff was "again told by a medical professional that he needed to have surgery on his arm." *Id.* ¶ 13. Defendant Randall Haas, the warden of Parnall, "finally approved Laban for surgery, but did not schedule it until December 16, 2013." *Id.* ¶ 14. Plaintiff faults Haas and defendant Daniel Heyns, the director of the Michigan Department of Corrections, for the delay in obtaining surgery because

> 16. During this entire ordeal, Haas and Heyns each had policies and practices of denying proper diagnostic tests to inmates that would facilitate proper diagnoses for surgery.
>
> 17. During this entire ordeal, Haas and Heyns each had policies and practices of delaying urgent and necessary medical care to inmates by virtue of unnecessary and draconian approval processes.

*Id.* As a result of the delay, plaintiff alleges his "arm suffered permanent damage due to, among other reasons, lack of blood flow and bone slivers. These complications have caused Laban to suffer severe physical pain, mental anguish, emotional distress, physical scarring, future lost wages and earning capacity, and permanent bodily injury." *Id.* ¶ 18.

In Count I, plaintiff asserts an Eighth Amendment claim under 42 U.S.C. § 1983 against defendant Haas in his individual capacity for being deliberately indifferent to his serious medical needs. In Count II, plaintiff asserts an Eighth Amendment claim under § 1983 against defendants Haas and Heyns in their official capacities on the grounds that "[t]]he above described policies and procedures implemented and adopted by Haas and Reyns [sic] caused and resulted in deliberate indifference to Laban's obvious and serious medical needs." *Id.* ¶ 28. In Counts I and II plaintiff seeks damages, costs, and attorney fees. In Count III, plaintiff seeks a declaration "that the actions, omissions, policies, and procedures of Defendants win [sic] violation of the United States Constitution," plus costs and attorney fees. *Id.* ¶ 31.

Defendants seek dismissal on various grounds. They argue that Count II must be dismissed because the Eleventh Amendment bars suits against state officials who are sued in the official capacities; that the complaint fails to allege the elements of a deliberate indifference claim; that they are entitled to qualified immunity; and that the complaint fails to allege their direct, personal involvement in the alleged constitutional violation.

By failing to respond to defendants' motion, plaintiff implicitly concedes that his complaint should be dismissed for the suggested reasons. Having independently reviewed defendants' motion and cited legal authorities, the Court is persuaded that dismissal of the complaint is appropriate for the reasons defendants suggest. Count II is barred because it seeks damages from defendants in their official capacities, which is equivalent to seeking damages from the state itself, which is prohibited by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (noting that Eleventh Amendment immunity "applies to actions against state officials sued in their official capacity for money damages"). Counts I and III fail because the complaint does not allege that defendants were deliberately indifferent to plaintiff's serious medical needs. This claim cannot succeed without plaintiff pleading and proving that he had an objectively serious medical need and that defendants were aware that by ignoring the need they were placing plaintiff at serious risk of harm. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895-96 (6th Cir. 2004). The complaint in the present case alleges a potentially serious medical need, but it entirely fails to allege defendants' awareness thereof. Counts I and III also fail because the complaint fails to allege that defendants had any direct, personal involvement in the alleged delay of medical care in this specific case. Such involvement is a required element in all § 1983 cases. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Hays v. Jefferson Cty.*, 668 F.2d 869 (6th Cir. 1982).

For these reasons, the Court concludes that the complaint in this matter fails to state a claim upon which relief may be granted. Accordingly,

IT IS ORDERED that defendants' motion to dismiss is granted.

S/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: February 9, 2016
Detroit, Michigan