UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABAN POND,

       Plaintiff,                            Civil Action No. 15-CV-14038

vs.                                      HON. BERNARD A. FRIEDMAN

RANDALL W. HAAS and
DANIEL H. HEYNS,

       Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION
## FOR RECONSIDERATION AND FOR LEAVE TO AMEND

        This matter is presently before the Court on plaintiff's "motion to reconsider and vacate order and judgment for defendants and for leave to file first amended complaint" (docket entry 20). Defendants have filed a response in opposition and plaintiff has filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

        Plaintiff alleges that in 2013, while he was an inmate at a Michigan prison, defendants violated his Eighth and Fourteenth Amendment rights by delaying surgery for his broken arm for approximately three weeks. The complaint names the prison warden, Randall Haas, individually and in his official capacity; and the Director of the Michigan Department of Corrections, Daniel Heyns, in his official capacity. Defendants sought dismissal of the complaint, arguing among other things that (1) plaintiff's claims against them in their official capacities are barred by the Eleventh Amendment, (2) the complaint fails to allege that they were deliberately indifferent to plaintiff's serious medical needs, and (3) the complaint fails to allege that they were personally involved in delaying his surgery. Plaintiff, who is represented by counsel, did not respond to defendants' motion. Once the 21-day response period expired, the Court granted the

motion for the following reasons:

> By failing to respond to defendants' motion, plaintiff implicitly concedes that his complaint should be dismissed for the suggested reasons. Having independently reviewed defendants' motion and cited legal authorities, the Court is persuaded that dismissal of the complaint is appropriate for the reasons defendants suggest. Count II is barred because it seeks damages from defendants in their official capacities, which is equivalent to seeking damages from the state itself, which is prohibited by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (noting that Eleventh Amendment immunity "applies to actions against state officials sued in their official capacity for money damages"). Counts I and III fail because the complaint does not allege that defendants were deliberately indifferent to plaintiff's serious medical needs. This claim cannot succeed without plaintiff pleading and proving that he had an objectively serious medical need and that defendants were aware that by ignoring the need they were placing plaintiff at serious risk of harm. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895-96 (6th Cir. 2004). The complaint in the present case alleges a potentially serious medical need, but it entirely fails to allege defendants' awareness thereof. Counts I and III also fail because the complaint fails to allege that defendants had any direct, personal involvement in the alleged delay of medical care in this specific case. Such involvement is a required element in all § 1983 cases. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Hays v. Jefferson Cty.*, 668 F.2d 869 (6th Cir. 1982).

*Pond v. Haas, et al.*, No. 15-CV-14038 (E.D. Mich. Feb. 9, 2016). The Court entered judgment for defendants the same day.

Plaintiff then filed the instant motion, arguing that (1) in granting defendants' motion to dismiss, the Court should not have considered the fact that he did not respond to the motion, (2) the Court should vacate the judgment under Fed. R. Civ. P. 59(e) because the complaint sufficiently stated a claim against defendant Haas in his individual capacity, (3) he should be allowed to file an amended complaint (a copy of which is attached to his motion), and (4) the Court should vacate the judgment under Fed. R. Civ. P. 60(b)(1) because his failure to respond to defendants' motion to

dismiss was due to excusable neglect.  As noted, defendants oppose this motion.

Plaintiff's first and fourth arguments are irrelevant because the Court granted defendants' motion for the reasons stated in its February 9, 2016, opinion, not because plaintiff failed to respond.  The remaining issues are whether plaintiff has shown that the Court erred in dismissing the complaint, thereby justifying relief under Rule 59(e); and whether, at this post-judgment stage of the case, justice requires that the Court permit plaintiff to amend his complaint pursuant to Rule 15.  For the reasons stated below, the Court answers both questions in the negative.

A number of Sixth Circuit cases have commented on the interplay between Rule 59(e) and a post-judgment motion under Rule 15.  In *Morse v. McWhorter*, 290 F.3d 795 (6th Cir. 2002), the district court dismissed the complaint for failure to state a claim.  Plaintiffs then filed a Rule 59(e) motion to alter the judgment and a Rule 15(a) motion for leave to amend, both of which the district court denied.  The court of appeals affirmed the ruling on the Rule 59(e) motion but reversed as to the Rule 15(a) motion:

> [W]hile Rule 15 plainly embodies a liberal amendment policy, in the post-judgment context, we must also take into consideration the competing interest of protecting the "finality of judgments and the expeditious termination of litigation." *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991) (quoting 6 C. Wright & A. Miller, Federal Practice & Procedure § 1489, at 694 (1990)); *see also Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (ruling that a trial court's discretion to allow amendments "narrows considerably after entry of judgment."); *Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997) (recognizing that "justice may require something less in post-judgment situations than in pre-judgment situations."). Thus, in the post-judgment context, we must be particularly mindful of not only potential prejudice to the non-movant, but also the movant's explanation for failing to seek leave to amend prior to the entry of judgment.

*Id.* at 800.  The court of appeals noted that "the district court relied only on plaintiffs' delay in

denying leave" and that "[o]rdinarily, delay alone[] does not justify denial of leave to amend." *Id.*

at 800-01.  The court of appeals also found that plaintiffs had not acted in bad faith by failing to

amend the complaint earlier,[1] that defendants would not be prejudiced by the late amendment, and

that the proposed amendment did not appear to be futile.  *Id.* at 800-01.

In *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612 (6th Cir. 2010),

the district court dismissed the complaint for lack of subject matter jurisdiction and for failure to

state a claim.  Plaintiffs then filed Rule 59(e) and 15(a) motions, both based on the alleged discovery

of new evidence.  In affirming the denial of both motions, the court of appeals stated:

> [T]his is not a traditional motion to amend the complaint. Rule 15
> requests to amend the complaint are frequently filed and, generally
> speaking, "freely" allowed. But when a Rule 15 motion comes after
> a judgment against the plaintiff, that is a different story. Courts in that
> setting must "consider[ ] the competing interest of protecting the
> finality of judgments and the expeditious termination of litigation."
> *Morse*, 290 F.3d at 800. If a permissive amendment policy applied
> after adverse judgments, plaintiffs could use the court as a sounding
> board to discover holes in their arguments, then "reopen the case by
> amending their complaint to take account of the court's decision."
> *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983) (Breyer, J.). That
> would sidestep the narrow grounds for obtaining post-judgment relief
> under Rules 59 and 60, make the finality of judgments an interim
> concept and risk turning Rules 59 and 60 into nullities. See 6 Charles
> Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice
> and Procedure § 1489 (3d ed. 2010).
>
> When a party seeks to amend a complaint after an adverse

---

[1] Significantly, the plaintiffs in *Morse* had made a pre-judgment request for leave to amend.  In their objections to a magistrate judge's report and recommendation, they "requested 'leave to re-plead, consistent with the recommendation of the Report (at 67) and Rule 15(a), Fed.R.Civ.P.'" *Id.* at 798.  The court of appeals found this relevant to both the bad faith and the delay/prejudice factors, noting particularly regarding the latter that "[t]he magistrate's recommendation and plaintiffs' request in their objections to the magistrate's report put [defendant] on notice that plaintiffs would seek to amend their complaint." *Id.* at 801.  Plaintiff gave no similar notice in the present case.

4

> judgment, it thus must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, ***the claimant must meet the requirements for reopening a case established by Rules 59 or 60***. *See In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008); *United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 507 (6th Cir. 2008). In post-judgment motions to amend, as a result, "the Rule 15 and Rule 59 inquiries turn on the same factors." *Morse*, 290 F.3d at 799. A court acts within its discretion in denying a Rule 15 and a Rule 59 motion on account of "undue delay"—including delay resulting from a failure to incorporate "previously [ ]available" evidence, *GenCorp*, 178 F.3d at 834—and ought to pay particular attention to "the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Morse*, 290 F.3d at 800.

*Id.* at 615-16 (emphasis added). The court of appeals affirmed the denial of plaintiffs' motions because plaintiffs knew or should have known of the allegedly new evidence before the district court dismissed the complaint and therefore "[t]he district court did not abuse its discretion in ruling that the plaintiffs could have filed this claim before they lost the original case." *Id.* at 617. Further, "[a] claimant who seeks to amend a complaint after losing the case must provide a ***compelling explanation*** to the district court for granting the motion. The district court did not exceed its discretion in concluding that plaintiffs provided nothing of the sort." *Id.* at 617-18 (emphasis added).

In *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435 (6th Cir. 2014), the district court dismissed the complaint for failure to state a claim. Plaintiffs then filed a Rule 59(e) motion and a Rule 15(a) motion to amend the complaint to address pleading deficiencies the court had identified in its order of dismissal. Both motions were denied. The court of appeals agreed that the complaint failed to state a claim. In affirming the denial of the motion for leave to amend, the court of appeals stated:

> The district court also did not abuse its discretion in denying

5

2:15-cv-14038-BAF-EAS   Doc # 23   Filed 03/21/16   Pg 6 of 12   Pg ID 153

the plaintiffs' post-judgment motion. In this case, the timing of plaintiffs' motion is relevant. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Plaintiffs made their motion after the district court granted BioMimetic's motion to dismiss. "[I]n the post-judgment context, we must also take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Id.* (internal quotation marks omitted). Balancing these interests requires a court to "be particularly mindful of not only potential prejudice to the non-movant, but also the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Id.*

The plaintiffs put forward no good excuse for delaying until after the district court's judgment. . . . This court has previously explained that a district court "acts within its discretion in denying a Rule 15 and a Rule 59 motion on account of undue delay—including delay resulting from a failure to incorporate previously available evidence." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) (internal quotation marks and alterations omitted).

The plaintiffs' excuse—that they had no way of knowing that the May 18, 2007 letter would factor heavily in the district court's decision—does not pass muster. Rule 15's permissive amendment policy should not permit plaintiffs to "use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision." *Id.* (internal quotation marks omitted). We recently rejected a similar argument in *Ricker v. Zoo Entm't, Inc.*, 534 Fed.Appx. 495 (6th Cir. 2013). There, the plaintiff argued that "he 'was unaware of what defects, if any, the Court would perceive in the Complaint,' and first deserved 'the opportunity to analyze the supposed deficiencies in the Complaint to determine whether he [could] cure them.'" *Id.* at 501. The plaintiffs' explanation in the instant case is identical. The district court did not abuse its discretion in *Ricker*, and neither did the court in this case.

*Id.* at 444-45. *See also* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1489, pp. 814-

16 (2010) ("Most courts . . . have held that once a judgment is entered the filing of an amendment

cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60. . . . To hold

otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that

6

is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation.")

Turning now to plaintiff's Rule 59(e) motion, the Court concludes that plaintiff has failed to show that the judgment in this matter should be altered or amended. "Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar,* 616 F.3d at 615 (*quoting Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Plaintiff's does not point to new evidence or a change in the law, but argues only that the Court erred as a matter of law in dismissing the complaint as to defendant Haas in his individual capacity.[2]

The Court stands by its determination that the complaint fails to state a claim against Haas for deliberate indifference to plaintiff's serious medical needs. The relevant allegations in the complaint are as follows:

> 7. Haas was . . . legally responsible for managing Parnall Correctional Facility ("Parnall") and established and implemented the policies, procedures, and protocols, which controlled, inter alia, the processing and administration of medical care to inmates.

> 8. Haas was . . . legally responsible for the hiring, training, retention, and supervision of all employees involved in processing, handling, and managing of inmates in the Parnall prison system. These responsibilities include ensuring that the employees act in a manner consistent with all federal and state laws and standards, including . . . not acting with deliberate indifference to the serious medical needs of inmates and detainees, which contravenes the

---

[2] Plaintiff does not challenge the Court's conclusion that the complaint fails to state a claim as to either defendant in their official capacities. In his proposed amended complaint, plaintiff has dropped Heyns and seeks to assert a claim only against Haas, in his individual capacity, for delaying his surgery. For the first time, plaintiff now seeks to allege that Haas was aware of plaintiff's complaints of pain and of his need for surgery but "deliberately refused to approve and schedule the surgery." Proposed Am. Compl. ¶¶ 10, 13-14.

Eighth and Fourteenth Amendments to the United States Constitution.

*   *   *

10. On or about November 18, 2013, Laban[3] fell and broke his arm while at the Jackson County Jail. He was diagnosed with a broken arm that same day and, within one or two days, was transported to Parnall.

11. While at Parnall, and instead of having surgery, Laban was examined again on November 20, 2013, and again diagnosed with a broken arm. Laban's physician advised him that he needed to have surgery immediately but did not have authority to conduct proper diagnostic tests to discover the severity of Laban's injuries.

12. Laban's surgery was again deliberately not scheduled.

13. Laban was then examined a third time on November 27, 2013, and again told by a medical professional that he needed to have surgery on his arm.

14. Haas finally approved Laban for surgery, but did not schedule it until December 16, 2013.

15. During this entire ordeal, Laban constantly complained of the pain that he had to endure and was only provided with medical care after making numerous complaints to guards and officers at Parnall.

16. During this entire ordeal, Haas and Heyns each had policies and practices of denying proper diagnostic tests to inmates that would facilitate proper diagnoses for surgery.

17. During this entire ordeal, Haas and Heyns each had policies and practices of delaying urgent and necessary medical care to inmates by virtue of unnecessary and draconian approval processes.

─────────────────────

[3] It is unclear why the complaint refers to plaintiff by his first name, while referring to defendants by their last names. As a matter of respect and courtesy, a party who is not a child should be referred to either by his full name or by his last name, or simply as "plaintiff" or "defendant," as the case may be.

18. As a direct and proximate result of each and/or all of the above acts and/or omissions, Laban's arm suffered permanent damage . . .

\*   \*   \*

23. The above described acts and omissions of Haas[] constituted deliberate indifference to Laban's obvious and serious medical needs, constituting punishment in violation of Laban's rights guaranteed by the Eighth Amendment to the United States Constitution.

24. In doing the acts and making the omissions alleged herein, Haas acted maliciously and with a wanton disregard for the rights, needs, and feelings of Laban . . .

\*   \*   \*

28. The above described policies and procedures implemented and adopted by Haas and Heyns caused and resulted in deliberate indifference to Laban's obvious and serious medical needs, constituting punishment . . .

Compl. ¶¶ 7-8, 10-18, 23-24, 28.

As the Court indicated in its opinion granting defendants' motion to dismiss, these allegations do not state an Eighth Amendment claim against Haas because they do not assert that he (1) was personally involved in delaying surgery, *see, e.g., Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (requiring for § 1983 liability to attach that defendant be personally involved in the alleged constitutional violation); or (2) that he both knew of and disregarded "an excessive risk to inmate health or safety." *Jarriett v. Wilson*, 162 F. App'x 394, 402 (6th Cir. 2005). The clear gist of the complaint as to Haas is that he has *respondeat superior* liability because he was responsible for implementing policies which controlled "the processing and administration of medical care" and for training others to "not act[] with deliberate indifference . . ." Compl. ¶¶ 7, 8. The complaint contains no allegation that Haas was personally involved in delaying plaintiff's surgery or that Haas

9

was aware that plaintiff needed surgery or that delaying surgery posed an excessive risk to plaintiff's health.  Rather, plaintiff alleges that *others* were aware, namely, "Laban's physician," "a medical professional," and "guards and officers." *Id.* ¶¶ 11, 13, 15. The allegation that "Laban's surgery was again deliberately not scheduled," *id.* ¶ 12, is presented in the passive voice and does not implicate Haas.  The complaint alleges that "Haas finally approved Laban for surgery, but did not schedule it until December 16, 2013," *id.* ¶ 14, but again there is no allegation that Haas was aware that plaintiff needed surgery earlier, or indeed that Haas did anything other than approve the request for surgery.  The allegation that "Haas and Heyns each had policies and practices of delaying urgent and necessary medical care to inmates by virtue of unnecessary and draconian approval processes, *id.* ¶ 17, likewise fails to allege that Haas was aware specifically of plaintiff's need for surgery or that he personally delayed plaintiff's surgery.

In short, the complaint fails to allege that Haas (1) was aware that plaintiff needed surgery, (2) was aware that delaying surgery would pose as excessive risk to plaintiff's health, or (3) was personally involved in delaying plaintiff's surgery.  Therefore, the Court properly dismissed the complaint as to Haas for failure to state a claim, and plaintiff has failed to show that the judgment in this matter should be altered or amended.

Nor has plaintiff shown that justice requires he be permitted to amend the complaint.  As noted above, a plaintiff seeking leave to amend after judgment has been entered against him "must meet the requirements for reopening a case established by Rules 59 or 60" and "provide a compelling explanation" for neither amending nor seeking leave to amend before judgment was entered. *Leisure Caviar*, 616 F.3d at 616-17.  Plaintiff has met neither of these requirements.  For

10

the reasons stated above, he has not shown that he is entitled to relief under Rule 59.[4]  Nor has he

offered "a compelling explanation" – or, indeed, *any* explanation – for neglecting to amend the

complaint before judgment was entered.  Under Rule 15(a)(1), plaintiff could have amended the

complaint as a matter of course within 21 days after serving it or within 21 days after being served

with defendants' motion to dismiss.  The only semblance of an explanation is couched within

plaintiff's suggestion that leave should be granted "to clarify any perceived deficiency of his

allegations against Haas."  Pl.'s Br. at 10.  Yet this is precisely the sort of "explanation" the court

of appeals rejected in *Kuyat*, *Leisure Caviar*, and *Ricker*.  In those cases, the court of appeals stated

that a plaintiff may not use the district court as a "sounding board" to identify pleading defects and

then – without offering a compelling justification for the delay – seek to rectify any such defects

post-judgment.

> In the prejudgment context, reasons justifying denial of a motion for leave to amend
include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure
deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of
allowance of the amendment, futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).
In the post-judgment context, the Court considers these factors and, in addition, the interests of
protecting the finality of judgments, the expeditious termination of litigation, and plaintiff's
explanation for not amending before judgment was entered.  *See Morse*, 290 F.3d at 800.

---

[4] Plaintiff also seeks relief from judgment under Rule 60(b)(1).  The Court disregards this argument because it is based on an irrelevancy, namely, the reason why counsel failed to respond to defendants' motion to dismiss (i.e., not "sending the motion to dismiss to his assistant for docketing and not . . . docketing it himself.").  *See* Pl.'s Br. at 10-12.  As noted, the Court dismissed the complaint for the reasons stated in its February 9, 2016, Opinion and Order Granting Defendants' Motion to Dismiss, not because plaintiff failed to respond.

In the present case, clearly "there was 'undue delay, because Plaintiff[] offer[s] no reason for [his] failure to move to amend [the] complaint prior to the district court's dismissal." *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 613 (6th Cir. 2005). While "[o]rdinarily, delay alone[] does not justify denial of leave to amend," *Morse*, 290 F.3d at 800, the denial of leave in the present case is warranted, even in the absence of other *Foman* factors, in light of the additional circumstances noted above. Plaintiff has offered no explanation, let alone a compelling one, for failing to amend the complaint before the Court entered judgment against him. In *Morse*, unlike in the present case, plaintiffs gave notice before judgment was entered that they intended to amend. *See* n.1, *supra.* Nor has plaintiff cleared the hurdle requiring him to show that the Court erred in granting defendants' motion to dismiss. Additionally, protecting the finality of judgments and the expeditious termination of litigation are important interests which further tip the balance toward denying plaintiff's post-judgment motion. Allowing plaintiff to amend under the circumstances of this case "would sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and 60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities." *Leisure Caviar*, 616 F.3d at 616. Accordingly,

IT IS ORDERED that plaintiff's "motion to reconsider and vacate order and judgment for defendants and for leave to file first amended complaint" is denied.

s/Bernard A. Friedman
Dated: 3/21/16                        BERNARD A. FRIEDMAN
        Detroit, Michigan            SENIOR UNITED STATES DISTRICT JUDGE

12